HONORABLE MARC BARRECA

HEARING DATE: WEDNESDAY, JULY 31, 2019
HEARING TIME: 10:00 A.M.
HEARING PLACE: EVERETT STATION
RESPONSE DATE: WEDNESDAY, JULY 24, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

JESSLYN RENEE ANDERSON,

        Debtor.

No. 17-15492

AMENDED OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION

Michael P. Klein, Chapter 7 trustee in this case (the "**Trustee**"), through his attorneys Bush Kornfeld LLP, objects to the Debtors' homestead exemption and states:

I.    FACTUAL BACKGROUND

The Debtor filed this case on December 21, 2017 (the "**Petition Date**"). On the Petition Date, the Debtor filed schedules of her assets and liabilities and statement of financial affairs. See Exhibit A to the Declaration of Michael P. Klein (the "**Klein Declaration**"). On her Schedule A, the Debtor listed a 15% interested in property located at 2851 Brown Road, Ferndale, Washington (the "**Brown**

AMENDED OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION – Page 1

Bush Kornfeld LLP
601 Union Street
Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

2386 20191 ce27ks01hp

Case 17-15492-MLB    Doc 18    Filed 06/20/19    Ent. 06/20/19 14:44:35    Pg. 1 of 4

**Property**"). The Debtor valued her interest at $90,000. On her Schedule C, the Debtor exempted her interest in the Brown Property pursuant to "Wash. Rev. Code §§ 6.13.010, 6.13.020, 6.13.030."

Immediately prior to and on the Petition Date, the Debtor resided at the Brown Property. See Exhibit B to the Klein Declaration, Pages 9-10. Within ten days after the Petition Date, the Debtor vacated the Brown Property and moved to her current residence. *Id*. The Debtor has not filed a declaration of homestead, a declaration of non-abandonment, or other documents regarding her homestead.

## II. LEGAL AUTHORITY[1]

Wash. Rev. Code §§ 6.13.010 through 6.13.240 provides the legal basis for exempting an interest in a homestead in Washington State. Wash. Rev. Code § 6.13.030 limits the amount of the exemption to $125,000. Wash. Rev. Code § 6.13.050 provides that a homestead is presumed to be abandoned "if the owner vacates the property for a continuous period of at least six months." A party may defeat the presumption of abandonment by filing a declaration of non-abandonment in the form and substance prescribed by the statute. *Id*.

For property to qualify as a homestead, the person seeking to exempt the property must have the present intent to reside in the property. *In re Estate of Lassin*, 33 Wash.2d 163, 165 (1949). The property "must be actually intended or used as the principal home for the owner." Wash. Rev. Code § 6.13.010; *Bank of Anacortes v. Cook*, 10 Wn.App. 391, 396 (1974) ("A plain reading of the [homestead] statues … leads to the inescapable conclusion that a primary purpose of the legislature in enacting them was to protect the house in which the claimant resides or intends to reside");

---

[1] The Court considered and ruled upon similar but not identical facts in *In re Good*, Bankr. W.D. Wa. 16-15265, Docket Entry No. 102. The Court denied the Trustee's objection to homestead exemption. The Trustee appealed that ruling to the Bankruptcy Appellate Panel for the Ninth Circuit. The appellate panel affirmed the Court's ruling but did not address the substantive arguments regarding the effect of post-petition events on the validity of a homestead exemption.

AMENDED OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION – Page 2

Bush Kornfeld LLP
601 Union Street
Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

2386 20191 ce27ks01hp
Case 17-15492-MLB    Doc 18    Filed 06/20/19    Ent. 06/20/19 14:44:35    Pg. 2 of 4

*Schoenheider v. Tuengel*, 96 Wash. 103, 106-07 (1917) ("The idea of *home* is the very foundation rock upon which all homestead laws are based, and unless it is the honest intention of the declarant to actually occupy the premises as a home, he is not within the protection of the statute.") Bankruptcy exemptions are fixed at the time of a petition being filed. *White v. Stump*, 266 U.S. 310, 313 (1924). Those exemptions are determined in accordance with state law applicable on the date of filing. *In re Jacobson*, 676 F.3d 1193, 1199 (9th Cir. 2012). Courts must consider the entire statute applicable on the petition date. *Id*.

In *Jacobson*, the Ninth Circuit held that post-petition events could affect a debtor's claim of exemption. *Id*. In *Jacobson*, the debtors, post-petition, received $150,000 in exempt proceeds from a judicial sale of their homestead. Under California law, the debtors had six months to reinvest the proceeds or the exemption expired. The debtors did not do so and the Ninth Circuit ruled that, despite the so-call "snapshot rule," the debtors forfeited their exemption by not reinvesting the proceeds. *Id*. In doing so, the Ninth Circuit held that, when measuring exemptions, a debtor's exemptions are measured as of the date of a petition being filed but disagreed that exemptions were static as of the petition date. *Id*. at 1200. Instead, the Court ruled that a debtor's rights are measured on the petition date but, if those rights may be altered under the relevant exemption statute, the statute continues to operate post-petition. The *Jacobson* Court concluded that the Bankruptcy Code did not alter a debtor's state law rights nor did the Code limit application of state exemption statutes. *Id*.

III.   ARGUMENT

A.   <u>On the Petition Date, the Debtor Intended to Move out of the Brown Property</u>.

For the Brown Property to qualify as a homestead, the Debtor must have intended the Brown Property to be used as her principal home. Here, the Debtor did not. As she testified at her Section 341 meeting, the Debtor married and moved out of the Brown Property less than ten days

AMENDED OBJECTION TO DEBTOR'S HOMESTEAD
EXEMPTION – Page 3

Bush Kornfeld LLP
601 Union Street
Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

2386 20191 ce27ks01hp

Case 17-15492-MLB    Doc 18    Filed 06/20/19    Ent. 06/20/19 14:44:35    Pg. 3 of 4

after the Petition Date.  As such, the Brown Property did not qualify as a homestead on the Petition Date and, therefore, her claimed exemption should be disallowed.

B.  <u>Alternatively, the Debtor Abandoned the Brown Property as Her Homestead</u>.

As noted, the Debtor moved out of the Brown Property less than ten days after the Petition Date.  The Debtor vacated the Brown Property for a period longer than six months.  If the Debtor wanted to retain the Brown Property, she needed to follow the procedure provided by Wash. Rev. Code § 6.13.050.  The statute is clear and specific as to the requirements necessary to maintain a homestead exemption.  By failing to follow the requirements of the statute, similar to the debtors in *Jacobson*, if the Debtor had a homestead exemption in the Brown Property on the Petition Date, the homestead statute operated to render the Brown Property non-exempt.  As such, the Trustee requests that the Court enter an order disallowing the Debtor's homestead exemption.

IV.  CONCLUSION

For the reasons stated above, the Trustee requests that the Court deny the Debtor's homestead exemption.

DATED this 20th day of June, 2019.

BUSH KORNFELD LLP

By */s/ Thomas A. Buford*
 Thomas A. Buford, WSBA #52969
Attorneys for Trustee Michael P. Klein

AMENDED OBJECTION TO DEBTOR'S HOMESTEAD
EXEMPTION – Page 4

BUSH KORNFELD LLP
601 Union Street
Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

2386 20191 ce27ks01hp

Case 17-15492-MLB    Doc 18    Filed 06/20/19    Ent. 06/20/19 14:44:35    Pg. 4 of 4