HONORABLE MARC BARRECA

HEARING DATE: WEDNESDAY, JULY 31, 2019
HEARING TIME: 10:00 A.M.
HEARING PLACE: EVERETT STATION

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

JESSLYN RENEE ANDERSON,

　　　　　　Debtor.

No. 17-15492

REPLY IN SUPPORT OF AMENDED
OBJECTION TO DEBTOR'S
HOMESTEAD EXEMPTION

　　　Michael P. Klein, Chapter 7 Trustee in this case (the "**Trustee**"), through his attorneys Bush

Kornfeld LLP, replies in support of his objection to the Debtor's homestead exemption (the

"**Objection**") and states:

　　　In her response to the Objection (the "**Response**"), the Debtor cites *White v. Stamp*, 266 U.S.

310, 313 (1924) for the proposition that the "snap-shot" rule only examines the exact facts in place on

the petition date of a bankruptcy filing.  Since *White*, there have been dozens of reported cases

nationwide and controlling case law decided by the Ninth Circuit that demonstrate that snap-shot rule

is neither clear nor do the facts on the petition date end the inquiry.  In the Ninth Circuit, courts are

REPLY IN SUPPORT OF AMENDED OBJECTION TO
DEBTOR'S HOMESTEAD EXEMPTION – Page 1

BUSH KORNFELD LLP
601 Union Street
Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

2386 20191 cg26hx01fj

directed to consider the "entire state law applicable on the date of filing" when determining an exemption. *In re Jacobsen*, 676 F.3d 1193, 1199 (9th Cir. 2012).[1] For this case, that law is the Washington State homestead exemption.

In this matter, the Debtor did not intend to reside in the Brown Property and moved out no later than ten days after the Petition Date.[2] Upon vacating the Brown Property, the Debtor did not file a declaration of non-abandonment, as she was required to do by Washington law. Wash. Rev. Code § 6.13.050.[3] Therefore, the Debtor has no exemption in the Brown Property. This result follows the legislative intent behind homestead exemptions: the Washington State legislature protected primary residences under certain conditions and not under others. To preclude the operation of the statute, in favor of debtors or creditors, would be to thwart the will of the legislature. Instead, application of the statute gives homeowners the protections that the state of Washington intended to provide.

DATED this 26th day of July, 2019.

BUSH KORNFELD LLP

By */s/ Thomas A. Buford*
      Thomas A. Buford, WSBA #52969
      Attorneys for Trustee Michael P. Klein

---

[1] The Debtor asserts that *Jacobsen* is inapplicable because it interpreted a similar yet distinct portion of a homestead provision. Nothing in *Jacobsen* supports such a restriction and, instead, Jacobsen analyzes a directly analogous situation. If it is not controlling, the case is very instructive in this matter.

[2] The Debtor presented no evidence in support of the Response and did not challenge any of the facts asserted by the Trustee.

[3] Even if the Debtor did not, she did not return not the property by a date certain, as required by the statute.

REPLY IN SUPPORT OF AMENDED OBJECTION TO
DEBTOR'S HOMESTEAD EXEMPTION – Page 2

BUSH KORNFELD LLP
601 Union Street
Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

2386 20191 cg26hx01fj